

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
~~JACKSON~~ Northern DIVISION

**LORY CLERK**                                                                                    **PLANTIFF**

V.                              CAUSE NO. 3:20cv730-CWR-FKB

**SELECT SPECIALTY-HOSPITAL-JACKSON, INC**           **DEFENDANT**

## COMPLAINT

### (Plaintiff Demands Trial by Jury)

The Plaintiff, Lory Clerk, files this, her Complaint, and in support therefore would show unto the Court the following:

### JURISDICTION

1. This is an action on behalf of the Plaintiff arising out of the unlawful employment practices of Select Specialty Hospital- Jackson, Inc. This lawsuit seeks actual and punitive damages and injunctive relief for violation of 42 U.S.C. §§1981 (a) and 1982, as well as attorney fees under 42 U.S.C. § 1988. Plaintiff demands a trial by jury. Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. §§ 1337 and 1343 (4), as well as 42 U.S.C. § 2000e-5(f). This is an action authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), and 42 U.S.C. § 1981.

### PARTIES AND VENUE

2. The Plaintiff, Lory Clerk, is an adult resident citizen of Rankin County, Mississippi.

3. The Defendant, Select Specialty Hospital-Jackson, Inc., is a foreign corporation registered to do, and doing business within the State of Mississippi, and which may be served with process of this Court via CT Corporation System, 645 Lakeland Drive East, Suite 101, Flowood, Mississippi 39232.

4. This Court has jurisdiction of this action, pursuant to 28 U.S.C. §§ 1343(3) and (4), as well as 28 U.S.C. § 1331. The issues presented herein constitute federal questions arising under the laws and the Constitution of the United States.

5. For the actions complained of herein, the plaintiff has exhausted administrative remedies as she has filed complaints with the Equal Employment Opportunity Commission (hereinafter "EEOC") and has been issued right to sue letters, which are attached collectively as Exhibit "B" and Exhibit "C".

6. Venue is proper in this Court because the cause of action accrued in whole or in part in Hinds County, Mississippi and in the Southern District of Mississippi.

## CAUSES OF ACTION

7. The Plaintiff realleges and incorporates by reference each allegation contained in the preceding paragraphs.

8. The actions of the Defendant, by and through its agents or employees, as described hereinabove, constitute an intentional refusal to afford the Plaintiff the full benefits of employment with such Defendant as employer of the employees, on the basis of sex and race, in violation of 42 U.S.C. § 1981.

9. The Defendant has discriminated against the Plaintiff in a manner making final injunctive relief appropriate.

10. The Defendant discriminated against the Plaintiff because of her sex and race, in violation of § 703(a) of Title VII, including, but not limited to, the following respects: (i) by failing to promote Plaintiff on the same terms as male and/or Caucasian employees; (ii) by failing to pay Plaintiff in the same terms as male and/or Caucasian employees; (iii) by failing to grant Plaintiff seniority and its benefits on the same basis as male and/or Caucasian employees; and (iv) by failing to take appropriate measures to correct the unlawful employment practices alleged herein.

11. During the time the Plaintiff was employed by the Defendant, with employment beginning on or about September 23, 2003, the Defendant discriminated against the Plaintiff with respect to the terms, conditions, and privileges of her employment because of the Plaintiff's sex and race. Such discrimination consisted of, among other things, unfounded complaints made by individuals who were the Plaintiff's supervisors concerning the Plaintiff's work; and retaliating against the Plaintiff for advocating and demanding legal compliance by the Defendants. As the months progressed the Defendant continued retaliatory actions against the Plaintiff which lead to the Plaintiff filing charge 423-2019-02122 (see attached Exhibit B) and charge 423-2020-00455 (see attached Exhibit C) with the EEOC. In charge 423-2019-02122, the Plaintiff alleges that the Defendant denied the Plaintiff an opportunity to transfer to the position of House Supervisor on the day shift (Monday through Thursdays). The Plaintiff was not made aware that a day shift position was available, and it was not advertised in a central location within the facility as in the past. In charge 423-2020-00455, the Plaintiff alleges that the Defendant denied the Plaintiff an opportunity of promotion to the position of Chief Nursing Officer and the position of Nurse Manager for which the Plaintiff met all of the qualifications on the application for both positions.

12. The effect of the Defendant's wrongful policies and practices has been to limit, classify, and discriminate against the Plaintiff in ways which jeopardize her job, deprive her of employment opportunities, and otherwise adversely affect her status as employee because of her sex and race, in violation of 42 U.S.C. § 2000e *et seq.* This effect is continuing.

13. The actions of the Defendant constitute an intentional refusal to afford the Plaintiff the same terms, conditions, and privileges of her employment on the basis of sex and race, in violation of 42 U.S.C. § 1981(a).

14. As further result of the Defendant's wrongful practices, the Plaintiff has been, and continues to be, deprived on income in the form of wages and prospective retirement benefits, promotions and advancement, and social security and other benefits due to her as an employee solely because of her sex and race in a sum to be proven at trial.

15. The Plaintiff has no plain, adequate, or complete remedy at law to correct the practices described herein, and her request for injunctive relief herein is her only means for securing adequate and complete relief. The Plaintiff is now suffering, and will continue to suffer, irreparable injury from the Defendant's policies, practices, customs, and usages, as set forth herein.

16. The Defendant has unlawfully discriminated against the Plaintiff by refusing to offer her equal pay for equal work for a position for which she was qualified; failing to remedy discriminatory practices of its supervisory and other personnel; and otherwise discrimination against the Plaintiff on the basis of her sex and race.

17. The effect of the policies and practices pursued by the Defendant as alleged above has been, and continues to, limit, classify, and discriminate against the Plaintiff in ways which jeopardize her job and deprive her of employment opportunities, and otherwise adversely affects

her status as an employee because of sex, in violation of 42 U.S.C. § 2000e *et seq.*, 42 U.S.C. § 1981 (a), Title VII, and the Constitution of the United States.

18. The Defendant has unlawfully discriminated against the Plaintiff by refusing to offer the Plaintiff equal pay for equal work for a position for which she was qualified; failing to remedy discriminatory practices of its supervisory personnel; failing to promote and advance the Plaintiff, and otherwise discriminating against the Plaintiff on the basis of sex and race.

19. The intentional actions of the Defendant described hereinabove, constitute an intentional refusal to afford the Plaintiff the same right to promotion, training, and salary, in violation of 42 U.S.C. § 1982.

20. As a proximate cause of the Defendants conduct and/or fraudulent concealment, the Plaintiff has been damaged.

## DAMAGES

21. As a direct and proximate result of the aforementioned wrongful conduct of the Defendant, Select Specialty Hospital-Jackson, Inc., the Plaintiff has been denied the specific benefits of promotion and salary as male and/or Caucasian employees. The Plaintiff is entitled to damages in an amount commensurate with the salary, promotion, and benefits that the Plaintiff would have received has she not suffered discrimination and retaliation. The Plaintiff is entitled to damages for embarrassment, humiliation, loss of reputation, and emotional distress arising from the aforesaid misconduct of the Defendant.

22. The aforesaid actions of the Defendant constitute a willful, intentional, and wanton disregard for the rights of the Plaintiff, requiring an award of punitive damages in this case.

## DEMAND FOR RELIEF

WHEREFORE, the Plaintiff requests that this Court (i) declare that the employment practices complained of in this complaint are unlawful in that they violate Title VII; (ii) permanently enjoin the Defendant and its agents, officers and employees from engaging in all practices found by this Court to be in violation of Title VII; (iii) order the Defendant to make the Plaintiff whole by paying her for bridged seniority and reimbursement for loss of pension, retirement, insurance, social security and other monetary and non-monetary benefits, all in amounts to be proved at trial; (iv) order that the Defendant pay to the Plaintiff a sum in excess of $500,000 as compensatory and punitive damages; (v) retain jurisdiction over the action to ensure full compliance with the Court's orders and require the Defendant to file such reports as the Court deems necessary to evaluate such compliance; (vi) order the Defendant to pay the Plaintiff's costs and expenses, and reasonable attorney's fees; and (vii) grant such other and further relief to the Plaintiff as the Court deems just and proper.

THIS, the 12th day of November, 2020.

Respectfully submitted,

LORY CLERK

BY: _/s/ Lory Clerk_____
LORY CLERK
674 Hwy 469 South
Florence, MS 39073
Tel: 601-845-3707